09-4568-cr
United States v. Cory Wilson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand ten.

PRESENT:

> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*,
> DAVID G. LARIMER,
> > *District Judge*.*

---

UNITED STATES OF AMERICA,
> *Appellee*,

  -v.-                                                                No. 09-4568-cr

CORY WILSON,
> *Defendant-Appellant*.

---

> EDWARD ZAS, Federal Defenders of New York, Inc., New York, New York, for *Defendant-Appellant*.

> STEPHEN E. FRANK (Emily Berger *on the brief*) *for* Loretta E.

---

* The Honorable David G. Larimer, Judge of the United States District Court for the Western District of New York, sitting by designation.

Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York, for *Appellees*.

Appeal from the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*.)

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on October 23, 2009 is AFFIRMED.

Defendant Cory Wilson appeals from a judgment of conviction entered on October 23, 2009 following a jury trial in the Eastern District of New York convicting him of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  On appeal, Wilson contends the district court erred in failing to provide, on request, a consciousness of guilt from flight instruction. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those issues only as necessary to facilitate this discussion.

I.     BACKGROUND

The government's evidence at trial, viewed in the light most favorable to it, established that Wilson was arrested as he attempted to escape up a flight of stairs so as to hide a firearm in his possession.  Specifically, the government offered the testimony of two arresting officers who gave chase up the flight of stairs and apprehended Wilson as he was "bent over two bags of garbage . . . pulling his hand away from the firearm" which was "poorly placed between the two bags."

The government argued, in its summation, that Wilson's flight helped establish his guilt. Specifically, it argued to the jury that actions "speak louder than words" and continued: "when this defendant saw two uniformed police officers standing at the door . . . what did he do?  He ran.  He ran right up those stairs.  He did the best that he could to get away from those officers as quickly as possible.  Why did he run?  Why if he didn't know that he just had been caught red-handed did he

run up those stairs?" In his summation, defense counsel did not challenge the inference the government sought to have drawn from Wilson's flight but instead argued that Wilson did not flee at all, that Wilson "had nothing to hide, . . .he was the person who didn't run." Nonetheless, the government returned to the subject in rebuttal, arguing: "why [did] Cory Wilson [run] up those stairs[?] I submit to you that there is a legal term for that type of behavior, and the term is consciousness of guilt. He knew that he had been caught and that's why he ran."

In response, defense counsel requested the Sand consciousness of guilt from flight charge. That instruction provides, in relevant part, that:

> You have heard evidence that defendant fled after he believed that he was about to be charged with committing a crime for which he is now on trial. If proved, the flight of a defendant . . . may tend to prove that the defendant believed that he was guilty. . . .
>
> However, flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.
>
> You are specifically cautioned that evidence of flight of a defendant may not be used by you as a substitute for proof of guilt. Flight does not create a presumption of guilt.
> Whether or not evidence of flight does show that the defendant believed that he was guilty, and the significance, if any, to be given to the defendant's feelings on this matter are for you to determine.

1 SAND ET AL., MODERN FED. JURY INSTRUCTIONS, § 6-9. The district court declined to provide that instruction on the grounds that (1) "I think it overstates the law," and (2) that the request came after the charge conference despite the fact that "it was certainly foreseeable that the government was going to argue flight as evidence of guilt and we could have discussed this at an earlier stage."

However, the district court did instruct the jury that:

> The government asks you to draw one set of inferences while the defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. An inference is not a suspicion or a guess. It is a reasoned, logical decision

3

to conclude that a fact exists on the basis of another fact that you know exists.  It's a deduction or conclusion that you are permitted, but not required, to draw from the facts that have been proved by direct or circumstantial evidence.

On that record, the jury returned a verdict of guilty on the sole count.

## II.    DISCUSSION

In this case, the prosecution and defense offered opposing versions of what occurred just prior to Wilson's arrest.  The government contended, in summation, that Wilson fled as the officers approached.  The defense denied any such flight.  There is recent authority from this Court that the trial judge has discretion relative to giving a flight charge, especially when the charge is opposed. *United States v. Mundy*, 539 F.3d 154 (2d Cir. 2008).

This Court reviews jury instructions *de novo*, viewing the charge "as a whole" and finding error only where we conclude "that a charge either fails to adequately inform the jury of the law, or misleads the jury as to the correct legal standard." *United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010) (internal citations and quotations omitted).  A defendant seeking reversal on the basis of an erroneous or omitted instruction must therefore show "both error and ensuing prejudice." *United States v. Quinones*, 511 F.3d 289, 313-14 (2d Cir. 2007).

We need not decide whether it was error for the district court to decline to issue the requested instruction, for even if it was, Wilson has not shown that he was prejudiced by the lack of that instruction.  As noted, the issue was fully argued by counsel before the jury, and, the district court, elsewhere in its charge, expressly told the jury that while "[t]he government asks you to draw one set of inferences [and] the defendant asks you to draw another," it is "for you, *and you alone*, to decide what inferences you will draw" from the trial evidence.

In addition, the court instructed the jury to disregard any legal statements made by the

lawyers, and not to treat the lawyers' remarks in opening and closing statements as evidence. As such, the charge, as a whole, adequately instructed the jury on the manner in which it was to consider the arguments advanced in summation and rebuttal and its role in evaluating the evidence of flight. *Cf. United States v. Mitchell*, 328 F.3d 77, 82 (2d Cir. 2003) (in evaluating error, we do not look simply at "excerpts" but instead consider the "charge in its entirety"); *see also United States v. Schultz*, 333 F.3d 393, 413-14 (2d Cir. 2003) ("[N]o jury instruction is ever perfect. . . . [W]e review the court's instructions to determine whether considered as a whole, the instructions adequately communicated the essential ideas to the jury." (internal brackets and quotation marks omitted)).

Finally, Wilson admits, and we agree, that the officers' eyewitness testimony alone would have been sufficient to sustain his conviction irrespective of any inferences the jury might or might not have drawn from his flight. As such, we are particularly unwilling to find reversible error on these facts. *United States v. Paulino*, 445 F.3d 211, 219 (2d Cir. 2006) (finding error harmless where a conviction is supported by overwhelming evidence of guilt).

III. **CONCLUSION**

Accordingly, and for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5